UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOYCE JOSEPH,<br><br>      Plaintiff,<br><br>v.<br><br>IPG PHOTONIC CORPORATION,<br>      Defendant. | Civil Action No.<br>21-40083-DHH |

REPORT AND RECOMMENDATION

October 7, 2021

Hennessy, U.S.M.J.

      This Court recommends that the instant action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Joyce Joseph ("Joseph") is proceeding *in forma pauperis* pursuant to 28 U.S.C. §1915(a). Under Section 1915, the Court may dismiss a complaint if it determines that the action lacks an arguable basis in law or fact or fails to state a claim on which relief may be granted. See Neitzke v. Williams, 490 U.S. 319, 325-28 (1989) (interpreting the former 28 U.S.C. §1915(d)); 28 U.S.C. §1915(e)(2)(B)(i), (ii). A complaint is frivolous "if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at 33. "Federal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under § 1915 where these allegations are fanciful, fantastic,

delusional, irrational, or wholly incredible." Nduka v. Williams, 410 F. Supp. 3d 719, 721 (E.D. Pa. 2019) (collecting cases); see Farris v. MetLife, Inc., 6:18-CV-278-ORL-41KRS, 2018 WL 4938684, at *4 (M.D. Fla. May 21, 2018) ("Courts have repeatedly held that allegations of conspiracy theories involving extreme surveillance and harassment are subject to dismissal."), report and recommendation adopted, 6:18-CV-278-ORL-41KRS, 2018 WL 4931818 (M.D. Fla. Oct. 11, 2018); Bickford v. Govt. of U.S., 808 F. Supp. 2d 175, 181-82 (D.D.C. 2011) (dismissing pro se litigant's complaint in part as frivolous where complaint alleged bizarre conspiracy theories "of government torture, surveillance, and harassment" and were mere "laundry list" of wrongful acts and conclusory allegations").

     Here, Joseph's complaint does not plausibly connect the sole defendant, IPG Photonic Corporation -- her alleged former employer -- to her broad ranging and incredible allegations of numerous people "tracking, torturing, harassing, raping and recording electronically." Compl. 1. Joseph claims that: "they are torturing [Joseph] over 50 ways. They use space, porn box, killer box and network tolerant for torture.  They download my life and my relatives life too (sic)." Id. 2.

     Joseph claims the police are not assisting her.  Id.  Joseph lists an apparent Connecticut State Trooper; Southbridge police personnel; Sturbridge police personnel; Danielson, Connecticut police personnel; a former FBI official; and a variety of other individuals (including a human resources officer of IPG Photonic) as "torture people."  Compl. 3-5.  Joseph claims these so-called "torture people" have damaged her car and "give anesthesia, I am while driving too." Id. 5-6.  Joseph then lists other acts of torture she has purportedly suffered.  Compl. 7-9.  Joseph seeks no specific relief, but requests that this Court "help [her] to solve all these problems." Id. 9.

These types of broad-based conspiratorial claims are incredible, and in any event not plausibly pleaded. While the Court does not doubt the sincerity of Joseph's belief in her claims, "this acknowledgement does not mean that the case should not be dismissed as frivolous." Tichot v. Maine Governor's Off., No. 2:12-CV-00013-GZS, 2012 WL 626257, at *2 (D. Me. Feb. 23, 2012), report and recommendation adopted, 2:12-CV-13-GZS, 2012 WL 872036 (D. Me. Mar. 14, 2012). To be sure, the Court is not making any findings with respect to veracity of any particular allegations, and Joseph apparently has reported such incidents (among other things) to police in two states. Nevertheless, the Court recommends that this action be dismissed because of the fantastic allegations of conspiracy, combined with Joseph's failure to plausibly allege a connection between the sole defendant, IPG Photonic Corporation, and those purportedly responsible for harming Joseph.

Accordingly, where the complaint read generously does not meet the screening requirements of 28 U.S.C. §1915(e)(2)(B)(i) and (ii), the Court RECOMMENDS that this action be DISMISSED.[1]

           /s/ David H. Hennessy
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The parties are hereby advised that, under the provisions of Fed. R. Civ. P. 72, any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objections are made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-05 (1st Cir. 1980); see also Thomas v. Arn, 474 U.S. 140 (1985).